UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ANGELO
BURNETT,

    Plaintiff,

v.                                         CASE NO. 2:09-cv-37

TYREE HOWARD, et al.,              HON. ROBERT HOLMES BELL

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This is an action brought by Plaintiff Michael Angelo Burnett pursuant to 42 U.S.C. § 1983. Defendants Howard, Miller, Parker, Warren, and Roco have filed two motions to dismiss, one before and one after Plaintiff filed his amended complaint on April 3, 2009. (Dkt. Nos. 9, 61.) Plaintiff has filed a motion for a temporary restraining order/preliminary injunction (Dkt. No. 21) and a motion to amend his complaint (Dkt. No. 34). On February 16, 2010, Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motions to dismiss be denied, Plaintiff's motion for a temporary restraining order/preliminary injunction be denied, and that Plaintiff's motion for leave to amend his complaint be denied. (Dkt. No. 70.) Defendants filed objections to the R&R on March 2, 2010, and Plaintiff filed objections on March 5, 2010. This Court must review de novo those portions of the R&R to which specific objection has been made, and

may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**I. Defendant's Objections**

Defendants first object to the Magistrate Judge's determination that Defendants are not entitled to dismissal of Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies. Proper exhaustion of administrative remedies is required before a prisoner may bring suit under § 1983. 42 U.S.C. § 1997e(a). The Supreme Court has held:

> To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedural rules - rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations omitted). As long as the state clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, "a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust." *Grear v. Gelabert*, No. 07-cv-203, 2008 WL 474098, at *2 n.1 (W.D. Mich. Feb. 15, 2008).

Although the Supreme Court has held that failure to exhaust is an affirmative defense and that the defendant bears the burden of proving it, *Bock*, 549 U.S. at 216, neither the Supreme Court nor the Sixth Circuit has specified whether a defendant should use a motion

2

to dismiss under Rule 12(b) or a motion for summary judgment under Rule 56 to make the required showing. At least two circuits have explicitly concluded that, because the issue of exhaustion is a matter in abatement, defendants should raise the issue in a motion to dismiss rather than a motion for summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Under this procedure, the Court is permitted to make factual findings as to whether the exhaustion requirement has been satisfied. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009); *Bryant*, 530 F.3d at 1374-75; *Wyatt*, 315 F.3d at 1119. However, the Sixth Circuit has determined that although the exhaustion requirement has "jurisdictional characteristics," it is not a jurisdictional requirement. *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). Such a conclusion would suggest that Defendants should raise the issue of exhaustion in a motion for summary judgment rather than a motion to dismiss, in which case the Court should permit the jury to determine whether the exhaustion requirement has been satisfied when genuine issues of material fact exist. *See* Fed. R. Civ. P. 56.

Though the Sixth Circuit has not provided guidance as to whether the exhaustion issue should be analyzed the under the standard governing motions for summary judgment or the standard governing motions to dismiss, the question is merely academic in this case. If the Court were to treat Plaintiff's motion as a motion to dismiss, it would use its fact-finding power to determine that Defendants have carried their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. If the Court were to treat Defendant's motion

3

as a motion for summary judgment, the Court would determine that there are no genuine issues of material fact as to whether Plaintiff failed to exhaust his administrative remedies.

Defendants filed their original motion to dismiss on March 30, 2009. (Dkt. No. 9.) To this motion Defendants attached four grievances filed by Plaintiff on June 20, 2006, April 8, 2007, December 1, 2008, and December 15, 2008. (*Id.* at Ex. B.) Defendants claim that these are the only "relevant grievances," and correctly point out that none of them properly exhaust Plaintiff's administrative remedies because none of them specifically state a grievance against any of the six Defendants named in Plaintiff's § 1983 action as required by the MDOC grievance policies in effect when the grievances were filed. (Dkt. No. 61, Ex. A ¶ T (effective 12/19/03), ¶ R (effective 03/05/07), ¶ R (effective 07/09/07) ("names of all those involved in the issue being grieved are to be included [in the grievance]."); *see Sullivan v. Kasajaru*, 316 F. App'x 469 (6th Cir. 2009) (unpublished). Defendants' evidence is certainly probative of whether Plaintiff failed to exhaust his administrative remedies, and should be considered in determining whether Defendants have satisfied their burden of showing lack of exhaustion.[1] Defendants' March 30, 2009, showing is sufficient to shift the burden to Plaintiff to demonstrate that there is an issue of fact as to whether he failed to exhaust his administrative remedies. Fed. R. Civ. P. 56(e)(2).

---

[1] It can be difficult to prove a negative. The Magistrate Judge suggests that Defendants should have provided the Court with an affidavit verifying that no other relevant grievances exist. Though such an affidavit would have been helpful, the Court does not believe it to be necessary. The evidence of failure to exhaust that Defendants did submit in this case was sufficient to meet its burden.

4

Plaintiff attempts to create an issue of fact by attaching a grievance filed January 20, 2008, to his response to Defendants' March 30, 2009, motion. (Dkt. No. 18, Ex. 2) However, this grievance does not help Plaintiff. It cannot serve as the grievance that exhausts Plaintiff's administrative remedies because it is duplicative of other grievances and thus does not comply with the MDOC grievance policy. (Dkt. No. 61, Ex. A ¶ G(1) (all policies) ("A grievance may also be rejected [if it is] duplicative of [the issues] raised in another grievance by the grievant.")); *see Grear*, 2008 WL 474098, at *2 n.1. Plaintiff does not introduce evidence, or even allege, that he filed any other grievances that properly exhausted his administrative remedies. Thus, Defendants put Plaintiff to his proofs when they introduced evidence of failure to exhaust with their March 30, 2009, motion, and Plaintiff failed to introduce any evidence in opposition. Whether the issue is properly decided under the standard governing motions for summary judgment or motions to dismiss, the Court holds that as a matter of law Plaintiff failed to exhaust his administrative remedies against any of the Defendants.

Defendants next object to the Magistrate Judge's determination that Plaintiff's complaint states an Eighth Amendment claim for deliberate indifference to a serious medical need. The Court agrees with the Magistrate Judge. Plaintiff has pleaded facts relating to both deliberate indifference and the seriousness of his medical condition that, if true, are sufficient to entitle him to relief. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

Finally, Defendants object to the Magistrate Judge's determination that Plaintiff's claims are not precluded by the applicable three-year limitations period. The Court agrees with the Magistrate Judge. To the extent Plaintiff contends that his Eighth Amendment rights were violated at any point after February 13, 2006, Plaintiff's claims are not barred by the limitations period. However, Eighth Amendment claims based on the denial of medical attention prior to February 13, 2006, are barred by the limitations period.

**II. Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's determination that he is not entitled to preliminary injunctive relief because he has failed to establish a likelihood of success on the merits and that he will suffer irreparable harm absent such relief. The Court agrees with the Magistrate Judge. As discussed above, Plaintiff has not shown a likelihood of succeeding on his Eighth Amendment claim because he failed to exhaust his administrative remedies prior to bringing suit under § 1983. For this reason, even if the Court were to conclude that Plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction, a preliminary injunction is still not appropriate. *See In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (noting that the Court must balance the four factors of the preliminary injunction analysis). Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections to the R&R (Dkt. No. 73) are approved in part and overruled in part. To the extent Defendants object to the Magistrate Judge's determination that they are not entitled to dismissal of Plaintiff's claims based on

6

Plaintiff's failure to exhaust, the objection is **SUSTAINED**. All other objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 74) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 70) is rejected in part and approved in part. To the extent the Magistrate Judge determined that Defendants are not entitled to dismissal of Plaintiff's claims for Plaintiff's failure to exhaust, that determination is **REJECTED**, and replaced with the opinion set forth herein. In all other respects the R&R is **APPROVED** and, combined with the opinion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 9, 61) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order/preliminary injunction (Dkt. No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend his complaint (Dkt. No. 34) is **DENIED**.

A judgment consistent with this opinion and order will be entered.

Dated: March 30, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE